IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## DAVID BAILEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sevier County**
**No. 93-973-1     Rex Henry Ogle, Trial Judge**

---

### No. E1999-01320-CCA-R3-PC - Decided June 28, 2000

---

The petitioner appeals from the trial court's denial of his petition for post-conviction relief. He alleges that the trial court erred by finding that his trial counsel was not ineffective for failing to investigate the petitioner's mental state at the time he committed the offenses. Finding no error, we affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

WILLIAMS, J., delivered the opinion of the court, in which WOODALL and GLENN, JJ., joined.

James W. Greenlee, Sevierville, Tennessee, for the appellant, David Bailey.

Paul G. Summers, Attorney General & Reporter, Mark A. Fulks, Assistant Attorney General, Al C. Schmutzer, Jr., District Attorney General, and Steven R. Hawkins, Assistant District Attorney, for the appellee, State of Tennessee.

### OPINION

### Introduction

The petitioner, David Bailey, was convicted by a Sevier County jury of two counts of aggravated assault, one count of resisting arrest, and one count of destruction of private property. He was sentenced, as a Range II offender, to consecutive terms of eight years on each of the assault charges, eleven months and twenty-nine days on the resisting arrest charge, and six months on the destruction of property charge. These last two sentences were ordered to run concurrently. Now incarcerated, he filed a petition for post-conviction relief alleging ineffective assistance of counsel. After conducting an evidentiary hearing in consideration of this petition, the trial court denied the petition. The petitioner now appeals this denial. After review, we affirm the decision of the trial court.

### Facts

As general background, in 1990, the petitioner's house caught fire. When he arrived on the scene, he retrieved a rifle and fired it at the firemen. He then resisted arrest and damaged a police car. As a result he was charged and appointed counsel. After discussing plea options and possible sentences with counsel, the petitioner went to trial. Convicted, he was sentenced as outlined above.

The facts most relevant to this appeal were established at the post-conviction hearing. At that hearing, the petitioner alleged that he was denied the effective assistance of counsel because his trial attorney had failed to investigate his mental state at the time he committed the offenses and had failed to appropriately inform him of possible sentences.[1] The petitioner first called his trial counsel to testify at the hearing. Trial counsel described his meeting(s) with the petitioner. He said that the two discussed plea offers and possible sentences but noted that the petitioner might not have understood that there existed a possibility of consecutive sentencing. Further, trial counsel stated that while aware that the petitioner had a history of mental problems, he did not investigate the petitioner's mental state at the time of the offense.

Following this testimony, the petitioner himself testified. He described his meeting(s) with trial counsel. He too stated that plea offers and possible sentences were discussed. Also, he stated that trial counsel at no time investigated his mental status. Further, he added that at the time of the offense and at the time of trial he was under the medication of psychoactive drugs. Finally, he stated that he wishes that he would have pled guilty and accepted the state's best offer of eight years.

After the hearing, the trial court, by written order, denied the petition, finding that:

This Court finds that there is no evidence indicating that the trial attorney needed to do more investigation or meet with Petitioner more times. There was no denial that Petitioner had a gun, fired a shot, or waived the gun during the incident. Petitioner's defense was simply that it was reckless or an accident. Petitioner does not indicate what further investigation might have shown or made a difference in the trial.

There is no evidence that any drugs effected the defendant such that he was incapable of communicating with his attorney or standing trial. The evidence in fact shows that Petitioner was able to communicate with his trial attorney and in fact was able to testify at the trial of this matter.

The Court finds that Petitioner made his own decision about taking the case to trial and rejecting a Plea Agreement offered to Petitioner. The Court finds that Petitioner knew of the plea offer and knew the potential penalties involved should a conviction occur.

Therefore, the Court finds that Petitioner's Petition for Post Conviction Relief should

---

[1] This latter claim, failure to advise of possible sentences, is not clearly raised on this appeal. However, our review of the transcript makes it clear that the trial court did not err in this matter.

be denied and is hereby dismissed.

From this denial, the petitioner now appeals.[2]

## Analysis

The petitioner argues that the trial court abused its discretion by finding that the petitioner's trial counsel was not constitutionally deficient and concluding that the petition must be denied. Specifically, he argues that trial counsel's failure to investigate his mental condition at the time of the offenses amounted to ineffective assistance of counsel.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 104 S.Ct. 2052, 466 U.S. 668 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. See Strickland, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. See Strickland, 104 S.Ct. at 2065; Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997); Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998). Therefore, in order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. See Strickland, 104 S.Ct. at 2065; Henley v. State, 960 S.W.2d 573, 579 (Tenn. 1997); Goad, 938 S.W.2d at 369.

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 104 S.Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. See Goad, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Alley, 958 S.W.2d at 149; Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Further, the petitioner's burden of proof in all post-conviction cases filed after May 12, 1995, is one of clear and convincing evidence, see Tenn. Code Ann. § 40-30-210(f), and reviewing courts

---

[2] Before analysis, we note that no trial transcript has been filed with this Court. Such filing is petitioner's responsibility; therefore, we review the matter on the more limited basis of the post-conviction hearing transcript, the parties' briefs, and the technical record.

must indulge a strong presumption that counsel's conduct falls within the range of reasonableness. Finally, the trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. See Butler, 789 S.W.2d at 899 or at 898-99; Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. Ap. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the findings unless the evidence in the record preponderates against them. See Henley, 960 S.W.2d at 578. That burden lies with the petitioner. See Henley, 960 S.W.2d at 579.

Assuming arguendo that trial counsel's failure to investigate petitioner's mental condition was ineffective, we review for prejudice. In this case, just as the trial court found, the petitioner has not articulated any theory of prejudice. No convincing evidence nor argument has been presented to support a conclusion that, if presented at trial, the verdict or sentence would probably have been different.

In fact, the petitioner himself almost concedes such point in his brief and argues that it is an "undue burden to ask the appellant to demonstrate prejudice due to this deficiency of performance by his trial counsel." We acknowledge that demonstrating prejudice under Strickland is not an easy task; however, rather than being an "undue burden," it is the burden that a post-conviction petitioner must bear. In some cases, this burden can be met and in others it cannot. In this case, that burden goes unfulfilled and petitioner's claim must fail.

**Conclusion**

For these reasons, we affirm the order of the trial court denying the petitioner's petition for post-conviction relief.